**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Milton Johnson, Brian McClellan, Dean Rose, Larry Etienne, and Paul Staupe,<br><br>         Plaintiffs,<br><br>v.<br><br>ReadyLinks, Inc., and Larry Synstelien,<br><br>         Defendants. | **PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM**<br><br>File No. 10-cv-04663 (JNE/FLN) |

Plaintiffs, by and for their Answer to Defendants' Counterclaim, denies each and every allegation, matter and thing contained in Defendants' Counterclaim that is not otherwise expressly admitted herein and states and alleges as follows:

1. Plaintiffs admit the allegations contained in paragraph 1 of the Counterclaim.

2. Plaintiffs admit the allegations contained in paragraph 2 of the Counterclaim.

3. Plaintiffs admit the allegations contained in paragraph 3 of the Counterclaim.

4. Plaintiffs admit the allegations contained in paragraph 4 of the Counterclaim.

5. Plaintiffs admit the allegations contained in paragraph 5 of the Counterclaim.

6. Plaintiffs admit the allegations contained in paragraph 6 of the Counterclaim.

7. Plaintiffs admit that their Complaint includes a claim for the failure to pay minimum wage in violation of the Fair Labor Standards Act, and that subject matter jurisdiction is, therefore, conferred under 29 U.S.C. § 1331. Plaintiffs further admit that the Counterclaim purports to assert various claims, and therefore, that the Court may

have supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. Plaintiffs deny the remaining allegations contained in paragraph 7, and specifically deny having committed any unlawful action.

8. Plaintiffs admit that venue is proper in the District of Minnesota. Plaintiffs deny that the "events giving rise to this action" necessarily transpired as Defendants describe them, and specifically deny any unlawful action by Plaintiffs.

9. Plaintiffs are without sufficient information to either admit or deny that ReadyLinks is currently engaged in business and therefore deny the same. Plaintiffs, however, admit that at the time they worked for ReadyLinks, it was in the business of IP and Ethernet based product development.

10. Plaintiffs admit that Johnson signed a ReadyLinks, Inc. Confidentiality and Non-Compete Agreement. Plaintiffs deny the remaining allegations contained in paragraph 10 of the Counterclaim.

11. Plaintiffs admit the allegations contained in paragraph 11 of the Counterclaim.

12. Plaintiffs admit that McClellan signed a ReadyLinks, Inc. Confidentiality and Non-Compete Agreement. Plaintiffs deny the remaining allegations contained in paragraph 12 of the Counterclaim.

13. Plaintiffs admit the allegations contained in paragraph 13 of the Counterclaim.

14. Plaintiffs admit that Larry Etienne signed a ReadyLinks, Inc. Confidentiality and Non-Compete Agreement. Plaintiffs deny the remaining allegations contained in paragraph 14 of the Counterclaim.

15. Plaintiffs admit the allegations contained in paragraph 15 of the Counterclaim.

16. Plaintiffs state that the documents attached as Exhibits A-E speak for themselves.

17. Plaintiffs are without sufficient information to either admit or deny the allegations contained in paragraph 17 and therefore deny the same.

18. Plaintiffs are without sufficient information to either admit or deny the allegations contained in paragraph 18 and therefore deny the same.

19. Plaintiffs admit that they became knowledgeable about ReadyLinks products, services and customers during and throughout their employment with ReadyLinks. Plaintiffs deny the remaining allegations contained in paragraph 19 of the Counterclaim.

20. Plaintiffs are without sufficient information to either admit or deny the allegations contained in paragraph 20 and therefore deny the same.

21. Plaintiffs admit that they were asked to sign Confidentiality and Non-Compete Agreements during the course of their employment with ReadyLinks. Plaintiffs are without sufficient information to either admit or deny the remaining allegations contained in paragraph 21 and therefore deny the same.

22. Plaintiffs deny the allegations contained in paragraph 22 of the Counterclaim.

23. Plaintiffs admit that during their employment they did gain familiarity with customers and that they did work diligently to develop ReadyLinks' business. Plaintiffs deny the remaining allegations contained in paragraph 23 of the Counterclaim.

24. Plaintiffs admit that they communicated with ReadyLinks customers and/pr distributors during the course of their employment. Plaintiffs deny the remaining allegations contained in paragraph 24 of the Counterclaim.

25. Plaintiffs admit that they had access to some of the information listed in paragraph 25 of the Counterclaim. Plaintiffs deny the remaining allegations contained in paragraph 25 of the Counterclaim.

26. Plaintiffs deny the allegations contained in paragraph 26 of the Counterclaim.

27. Plaintiffs admit that Minnesota law recognizes a duty of loyalty for employees. Plaintiffs deny the remaining allegations contained paragraph 27 of the Counterclaim.

28. Plaintiffs admit the allegations contained in paragraph 28 of the Counterclaim.

29. Paragraph 28 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 27 by reference.

30. Plaintiffs admit the allegations contained in paragraph 30 of the Counterclaim.

31. Plaintiffs admit the allegations contained in paragraph 31 of the Counterclaim.

32. Plaintiffs deny the allegations contained in paragraph 32 of the Counterclaim.

33. Plaintiffs deny the allegations contained in paragraph 32 of the Counterclaim.

34. Paragraph 34 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 33 by reference.

35. Plaintiffs deny the allegations contained in paragraph 35 of the Counterclaim.

36. Plaintiffs deny the allegations contained in paragraph 36 of the Counterclaim.

37. Plaintiffs deny the allegations contained in paragraph 37 of the Counterclaim.

38. Plaintiffs deny the allegations contained in paragraph 38 of the Counterclaim.

39. Plaintiffs deny the allegations contained in paragraph 39 of the Counterclaim.

40. Paragraph 40 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 39 by reference.

41. Plaintiffs deny the allegations contained in paragraph 41 of the Counterclaim.

42. Plaintiffs deny the allegations contained in paragraph 42 of the Counterclaim.

43. Plaintiffs deny the allegations contained in paragraph 43 of the Counterclaim.

44. Plaintiffs deny the allegations contained in paragraph 44 of the Counterclaim.

45. Plaintiffs deny the allegations contained in paragraph 45 of the Counterclaim.

46. Plaintiffs deny the allegations contained in paragraph 46 of the Counterclaim.

47. Plaintiffs deny that any trade secrets have been misappropriated, and therefore deny the allegations contained in paragraph 47 of the Counterclaim.

48. Paragraph 48 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 47 by reference.

49. Plaintiffs admit the allegations contained in paragraph 49 of the Counterclaim.

50. Plaintiffs admit the allegations contained in paragraph 50 of the Counterclaim.

51. Plaintiffs admit that Johnson has in his possession the laptop computer. However, the laptop is in Minnesota, and Johnson is currently working in Alabama. Johnson is making efforts to send the laptop to his counsel, who will in turn send the laptop to Defendants. Plaintiffs deny the remaining allegations contained in paragraph 51 of the Counterclaim.

52. Plaintiffs deny the allegations contained in paragraph 52 of the Counterclaim.

53. Paragraph 53 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 52 by reference.

54. Plaintiffs admit the allegations contained in paragraph 54 of the Counterclaim.

55. Plaintiffs deny the allegations contained in paragraph 55 of the Counterclaim.

56. Plaintiffs deny the allegations contained in paragraph 56 of the Counterclaim.

57. Paragraph 57 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 56 by reference.

58. Plaintiffs admit the allegations contained in paragraph 58 of the Counterclaim.

59. Plaintiffs deny the allegations contained in paragraph 59 of the Counterclaim.

60. Plaintiffs deny the allegations contained in paragraph 60 of the Counterclaim.

61. Paragraph 61 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 60 by reference.

62. Plaintiffs admit the allegations contained in paragraph 62 of the Counterclaim.

63. Plaintiffs deny the allegations contained in paragraph 63 of the Counterclaim.

64. Plaintiffs deny the allegations contained in paragraph 64 of the Counterclaim.

65. Paragraph 65 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 64 by reference.

66. Plaintiffs admit the allegations contained in paragraph 66 of the Counterclaim.

67. Plaintiffs deny the allegations contained in paragraph 67 of the Counterclaim.

68. Plaintiffs state that there may be some software tools and/or source codes on the laptop computer that Johnson has in his possession.  However, because the laptop is in Minnesota, and Johnson is currently working in Alabama, Plaintiffs are not sure.  Thus, Plaintiffs deny the allegations contained in paragraph 68 of the Counterclaim.

69. Plaintiffs deny the allegations contained in paragraph 69 of the Counterclaim.

70. Plaintiff Staupe states that he informed one former ReadyLinks customer that he thought no one worked at ReadyLinks anymore.  Plaintiffs deny the remaining allegations contained in paragraph 70 of the Counterclaim.

71. Plaintiffs deny the allegations contained in paragraph 71 of the Counterclaim.

72. Plaintiffs deny the allegations contained in paragraph 72 of the Counterclaim.

73. Plaintiffs deny the allegations contained in paragraph 73 of the Counterclaim.

74. Plaintiffs deny the allegations contained in paragraph 74 of the Counterclaim.

75. Paragraph 75 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 74 by reference.

76. Plaintiffs state that Exhibits A, B and E speak for themselves.

77. Plaintiffs deny the allegations contained in paragraph 77 of the Counterclaim.

78. Plaintiffs deny the allegations contained in paragraph 78 of the Counterclaim.

79. Plaintiffs deny the allegations contained in paragraph 79 of the Counterclaim.

80. Plaintiffs deny the allegations contained in paragraph 80 of the Counterclaim.

81. Paragraph 81 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 80 by reference.

82. Plaintiffs deny the allegations contained in paragraph 82 of the Counterclaim.

83. Plaintiffs deny the allegations contained in paragraph 83 of the Counterclaim.

84. Plaintiffs deny the allegations contained in paragraph 84 of the Counterclaim.

85. Plaintiffs deny the allegations contained in paragraph 85 of the Counterclaim.

86. Plaintiffs deny the allegations contained in paragraph 86 of the Counterclaim.

87. Paragraph 87 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 86 by reference.

88. Plaintiffs deny the allegations contained in paragraph 88 of the Counterclaim.

89. Plaintiffs do not have sufficient information to admit or deny the allegations contained in paragraph 89 of the Counterclaim and therefore deny the same.

90. Plaintiffs do not have sufficient information to admit or deny the allegations contained in paragraph 90 of the Counterclaim and therefore deny the same.

91. Plaintiffs do not have sufficient information to admit or deny the allegations contained in paragraph 91 of the Counterclaim and therefore deny the same.

92. Plaintiffs deny the allegations contained in paragraph 92 of the Counterclaim.

93. Plaintiffs deny the allegations contained in paragraph 93 of the Counterclaim.

94. Plaintiffs deny that any trade secrets have been misappropriated, and therefore deny the allegations contained in paragraph 94 of the Counterclaim.

95. Paragraph 95 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 94 by reference.

96. Plaintiffs admit that Minnesota law recognizes a duty of loyalty for employees. Plaintiffs deny the remaining allegations contained paragraph 96 of the Counterclaim.

97. Plaintiffs deny the allegations contained in paragraph 97 of the Counterclaim.

98. Plaintiffs deny the allegations contained in paragraph 98 of the Counterclaim.

99. Plaintiffs deny the allegations contained in paragraph 99 of the Counterclaim.

100. Paragraph 100 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 99 by reference.

101. Plaintiffs deny the allegations contained in paragraph 101 of the Counterclaim.

102. Plaintiffs deny the allegations contained in paragraph 102 of the Counterclaim.

103. Plaintiffs deny the allegations contained in paragraph 103 of the Counterclaim.

104. Paragraph 104 of the Counterclaim does not set forth separate allegations that require a response, except that Plaintiffs incorporate their responses to Paragraphs 1 through 103 by reference.

105. Plaintiffs deny the allegations contained in paragraph 105 of the Counterclaim.

106.     Plaintiffs deny the allegations contained in paragraph 106 of the Counterclaim.

107.     Plaintiffs deny the allegations contained in paragraph 107 of the Counterclaim.

108.     Plaintiffs deny the allegations contained in paragraph 108 of the Counterclaim.

## **AFFIRMATIVE DEFENSES**

1. Defendants' Counterclaim fails to state a claim upon which relief may be granted.

2. Defendants' claims are barred, in whole or in part, because Plaintiffs' conduct was not unlawful.

3. Defendants' claims are barred, in whole or in part, because Defendants have not sustained any injuries or damages as a result of any acts by Plaintiffs.

4. Defendants' claims are barred, in whole or in part, because Defendants' failed to mitigate their alleged damages.

5. Defendants' claims are barred, in whole or in part, because Defendants' damages, if any, were caused by their own acts or omissions.

6. Defendants' claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel, laches, and unclean hands.

7. Defendants' claims are barred, in whole or in part, by accord and satisfaction.

8. Defendants' claims are barred, in whole or in part, for failure or lack of consideration.

9. Defendants' claims are barred, in whole or in part, because they have not been plead with the requisite particularity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment against Defendants as follows:

    A. Dismissing Defendants' claims with prejudice;

    B. Awarding Plaintiffs their costs and disbursements;

    C. Awarding Plaintiffs such other relief as the Court deems just and proper.

Date: December 20, 2010            **NICHOLS KASTER, PLLP**

s/*Sofia Andersson-Stern*
Michele Fisher #303069
fisher@nka.com
Sofia B. Andersson-Stern #0350709
andersson@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**ATTORNEYS FOR PLAINTIFF**